IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: TRACY E. IVY, Debtor                                              No.: 5:16-bk-70855
                                                                          Chapter 7

TRACY E. IVY                                                             PLAINTIFF

v.                              5:17-ap-7040

U.S. BANK NATIONAL ASSOCIATION as Legal Title
Trustee for Truman 2016 SC6 Title Trust                                  DEFENDANT

ORDER AND OPINION DETERMINING VALIDITY, PRIORITY,
AND EXTENT OF LIEN AND DENYING MOTION TO AVOID LIEN

Tracy Ivy [Ivy or the debtor] filed his chapter 7 case on April 8, 2016, and received his discharge on July 20, 2016.  On August 2, 2017, the debtor filed this adversary proceeding against U.S. Bank National Association [US Bank or the bank].  In his complaint, the debtor seeks a determination of the validity, priority, and extent of US Bank's lien on the debtor's property located at 15078 Gann Ridge Road, Garfield, Arkansas, 72732 [the property].  The debtor argues that US Bank's mortgage on the property is void because it contains an incorrect legal description and, according to the debtor, if a lien in favor of US Bank exists at all, it is voidable under 11 U.S.C. § 522(f) as a cloud on the debtor's superior title.  On August 18, 2016, US Bank filed its answer. Also on August 18, 2016, US Bank filed a motion asking this Court to abstain from deciding the adversary proceeding until litigation pending in the Circuit Court of Benton County, Arkansas [state court], had been concluded by the entry of a final order.[1]  US Bank alleged in its motion to abstain that "there were matters pending before the state court at the time that Tracy Ivy filed this Chapter 7 bankruptcy."  In addition, US Bank

---

[1] On February 20, 2014, US Bank's predecessor in interest, Christiana Trust, filed suit against the debtor in state court to foreclose on the property due to non-payment.  US Bank was later substituted as the plaintiff in the state court suit.

alleged that the adequacy of the legal description to permit foreclosure was a state law issue warranting this Court's abstention. On August 29, 2017, the debtor objected to US Bank's motion to abstain, alleging that he believed, "and the state court finally adjudicated, that Defendants are left with an unperfected lien, and/or a judgment lien that can be avoided under the Bankruptcy Code." The debtor also alleged that the issue of the adequacy of the legal description to permit foreclosure had been "litigated to a conclusion and was dismissed with prejudice." Based upon the parties' fundamental disagreement regarding whether the state court litigation had concluded, the Court requested that the parties provide additional documentation regarding the status of the state court case, which they did on September 15, 2017. Because the documentation supported US Bank's position that the state court litigation had not yet ended, on September 18, 2017, the Court entered an order holding the adversary proceeding in abeyance until the state court issued a final order.

**Procedural Background**

On December 8, 2017, the state court issued its final order in the form of a foreclosure decree in favor of US Bank.[2] The foreclosure decree stated in relevant part:

> 3. Among other things, Plaintiff's Complaint sought judgment against the Defendants here in various capacities based upon the breach of repayment obligations under a promissory note by Tracy Ivy, and the foreclosure of a certain mortgage securing the same, and constituting a first priority mortgage security interest on certain real property located in Benton County, Arkansas, described as Benton County Parcel No. 18-05437-000 located at 15078 Gann Ridge Road, Garfield, Arkansas, additionally described as follows and referred to hereinafter as the "Property":
>
> A part of the SE 1/4 of the NE 1/4 of Section 22, Township 21 North, Range 29 West, described as beginning at the NW corner of said 40 acre tract; thence West 330 feet; thence North along the West line of said 40 to the point of beginning, containing 10 acres, more or less.

---

[2] Under the *Rooker-Feldman* doctrine, this Court is without authority to review or overturn a state court's judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 291-93 (2005).

> 11. The Court finds that the Plaintiff's mortgage constitutes a properly perfected first priority security interest against the Property, superior to the interests of all Defendants therein, as well as any person claiming by or through them, or any person whose interest in the Property attached after the date of the filing of Plaintiff's lis pendens herein.
>
> 12. As a result of Tracy Ivy's defaults, Plaintiff's right to foreclose its mortgage has become absolute.

On May 8, 2018, US Bank filed a motion for summary judgment in the instant adversary proceeding based upon the state court's findings in the foreclosure decree. The debtor opposed the motion, acknowledging that the state court had found that US bank was entitled to foreclose on the real estate described in the mortgage but that because "the mortgage description of real estate is different than the actual freehold of Tracy Ivy, the mortgage merely clouds the title to Tracy Ivy's homestead." Therefore, according to the debtor, US Bank's lien is "less a mortgage and more in the species of a judgment lien and is avoidable" under § 522(f).

On July 13, 2018, the Court denied US Bank's motion for summary judgment because it found that factual questions remained regarding the identity of the property upon which US Bank could foreclose under the state court's decree. Specifically, the Court stated in its July 13 order that

> [a]lthough the Court believes the bank is entitled to summary judgment as to its right to foreclose based on the state court order, questions of fact remain as to the sufficiency of the legal description and the introduction of extrinsic evidence to ascertain the identity of "the Property" upon which the foreclosure would be directed. For these reasons, the Court denies US Bank's motion for summary judgment and will set the debtor's complaint and US Bank's answer for trial by subsequent notice.

The Court subsequently scheduled the trial for April 4, 2019. Stanley Bond and Emily Henson appeared on behalf of the debtor. Teaven Stamatis appeared on behalf of US Bank. At the conclusion of the trial, the Court took the matter under advisement. For the reasons stated below, the Court finds that US Bank introduced evidence sufficient to identify the property subject to the state court's foreclosure decree and denies the relief

sought by the debtor pursuant to 11 U.S.C. § 522(f).

**Historical Background**

At the April 4 trial, the debtor testified that he has lived at 15078 Gann Ridge Road, Garfield, Arkansas, since his birth in 1976. The debtor's mother, Darla Nix [Nix], testified that her father gave her the property in 1976, which she then owned until 2006. Nix also testified that the property has had the same address–15078 Gann Ridge Road, Garfield, Arkansas, 72732–since 1978.[3] The relevant transfers and encumbrances of the property are described below.

On April 19, 1995, the Wendell E. Jones Trust [the trust] transferred the property by warranty deed to Nix.[4] The warranty deed contained a complete legal description:

> A part of the SE 1/4 of the NE 1/4 of Section 22, Township 21 North, Range 29 West, described as beginning at the NW corner of said 40 acre tract; thence East 330 feet; thence South to the South line of said 40 acres; thence West 330 feet; thence North along the West line of said 40 to the point of beginning, containing 10 acres, more or less.

Stip. Ex. 6. At the April 4 trial, the debtor's attorney referenced the property described by the complete legal description as "the rectangle." Nix testified that the rectangle's boundaries consist of a road on one side–Wendell Jones Road–and a fence on the other three sides.[5]

On October 26, 2004, Nix executed a mortgage on the property in favor of Mortgage Electronic Registration Systems, Inc. [MERS] as nominee for United Financial Mortgage

---

[3] Although Nix believed that the property has been known by the address of 15078 Gann Ridge Road since 1978, the debtor testified that the property received that address in 1995 when Benton County implemented 911 services. The debtor testified that the property had a "route one address" prior to 1995.

[4] The deed stated that Nix had owned the property since November 20, 1978.

[5] One of the fenced sides also runs up against Gann Ridge Road.

Corporation [UFMC]–the lender–and UFMC's successors and assigns. The mortgage referenced the street address of 15078 Gann Ridge Road, Garfield, Arkansas, and parcel ID number: 18-05437-000. Exhibit A to the mortgage from Nix to MERS contained an incomplete legal description:

> A part of the SE 1/4 of the NE 1/4 of Section 22, Township 21 North, Range 29 West, described as beginning at the NW corner of said 40 acre tract; thence West 330 feet; thence North along the West line of said 40 to the point of beginning, containing 10 acres, more or less.

At the April 4 trial, the debtor's attorney referenced the property described by the incomplete legal description as the "two sides." Nix testified that she did not know at the time she executed the mortgage that the document contained an incomplete legal description. Nix subsequently defaulted on her loan obligations to UFMC. In 2005, MERS foreclosed on the property at the request of UFMC's successor in interest, EMC Mortgage Corporation [EMC].

On November 23, 2005, the property was transferred by mortgagee's deed to EMC. The mortgagee's deed referenced the same incomplete legal description that had appeared in Nix's 2004 mortgage to MERS. The deed also referenced the street address of 15078 Gann Ridge Road, Garfield, Arkansas, and the parcel number of 18-05437-000.

On November 1, 2006, EMC transferred the property by quitclaim deed to Homecomings Financial Network, Inc. [Homecomings Financial]. The quitclaim deed contained the incomplete legal description.

On August 31, 2006, Homecomings Financial transferred the property by special warranty deed to Tracy Ivy (the debtor). The special warranty deed contained the incomplete legal description.[6]

---

[6] Although it appears that Homecomings Financial transferred the property to the debtor and his wife before it had title, the conveyance to the debtor and his wife was nonetheless valid because Homecomings later acquired title to the property. *See* Ark.

On January 11, 2007, Angela Martin, an attorney with Wilson & Associates, PLLC, filed a notarized document entitled *Attorney's Affidavit* in the records of Benton County, Arkansas.[7] The affidavit recited the incomplete legal description and stated that the attorney had reviewed the recorded documents referencing the incomplete legal description beginning with Nix's mortgage to MERS in 2004 and ending with the Homecomings Financial's deed to the debtor in 2006. The affidavit then stated the correct, complete legal description and concluded with the attorney's statement that "the correction of this scrivener's error is consistent with the intentions of the parties and does not in any way change or alter the understanding and intentions of the parties who executed said instrument." Stip. Ex. 2.

On June 26, 2007, the debtor and his wife obtained a loan from Countrywide Home Loans, Inc. [Countrywide].[8] To secure their debt to Countrywide, the debtor and his wife executed a mortgage on the property in favor of MERS, acting as nominee for Countrywide and its successors and assigns. Stip. Ex. 12. The mortgage referenced the street address of 15078 Gann Ridge Road, Garfield, Arkansas, and the parcel ID number 18-05437-000. Exhibit A to the mortgage contained the same incomplete legal description that had been perpetuated in each deed and mortgage since the original error appeared in Nix's mortgage to MERS in 2004. In addition, although the mortgage itself cited the property's correct address of 15078 Gann Ridge Road, Garfield, Arkansas, 72732, Exhibit A stated: "Improvements thereon bear the address: 95078 Gann Bridge

---

Code Ann. § 18-12-601.

    [7] Wilson & Associates, PLLC, prepared the quitclaim deed from EMC to Homecomings Financial and the special warranty deed from Homecomings Financial to the debtor. *See* Stip. Ex. 11.

    [8] The debtor testified that he and his wife "refinanced" the property with Countrywide but there is no indication in the record that the debtor had previously mortgaged the property.

Rd, Garfield, AR 72732 Address provided for informational purposes only."[9]

The debtor testified that he never made a payment to Countrywide because there were "some issues with the paperwork." The debtor said that on the day he and his wife signed the mortgage documents with Countrywide, he noticed the reference to 95078 Gann Bridge Road and brought the error to Countrywide's attention. He testified that Countrywide's representative told the debtor and his wife to go ahead and sign the documents and the error would be addressed later. Although he noticed the error in the street address, the debtor testified that he did not know that the legal description was incomplete when he signed the documents.[10] On October 5, 2011, MERS assigned the mortgage to Bank of America, N.A. [Bank of America]. Stip. Ex. 14. The assignment of mortgage referenced the Tax ID number of 18-05437-000 and the property's address of 15078 Gann Ridge Rd, Garfield, AR 72732-9478. The assignment also referenced the incomplete legal description and stated that "Improvements thereon bear the address: 95078 Gann Bridge Rd, Garfield, AR 72732 Address provided for informational purposes only."

On January 28, 2014, Bank of America assigned the mortgage to Christiana Trust. Exhibit A to the assignment referenced the incomplete legal description but stated the correct street address of 15078 Gann Ridge Road, Garfield, Arkansas, 72732. In 2017, Christiana Trust assigned the mortgage to US Bank, the defendant in this adversary proceeding. The assignment to US Bank referenced the street address of 15078 Gann

---

[9] The 911 administrator for Benton County, Judy Frigon [Frigon], testified on April 4 that there is no such address–specifically, there are no Benton County addresses that begin with a nine and there is not a "Gann Bridge Road" in Benton County. Frigon also testified that there is only one address beginning with the number 15078 in Benton County–15078 Gann Ridge Road in Garfield.

[10] The debtor testified that he did not learn that the legal description in his mortgage to Countrywide was incomplete until his attorney in the state court litigation that was commenced in 2014 told him so.

Ridge Rd, Garfield, Arkansas, 72732-9478 as well as the 2007 mortgage from Tracy Ivy and his wife to Countrywide.

At the April 4 hearing, Grieve (the assessor) testified that the debtor owns only one piece of real property in Benton County–the parcel assigned number 18-05437-000. Grieve also testified that a parcel ID number is an unique identifier for a parcel of land, explaining by way of example that if a twenty-acre parcel of land were split into two ten-acre parcels, the split would generate the creation of a new parcel ID number. Grieve testified that there is only one parcel in Benton County with the number 18-05437-000 and that there is only one address of 15078 Gann Ridge Road in Benton County. The Benton County rural property card for parcel number 18-05437-000 lists Tracy Ivy as the owner, 15078 Gann Ridge Road, Garfield, Arkansas, 72732 as the property's address and describes the property as consisting of a home, two polesheds, and 9.97 acres. Grieve testified that the Benton County rural property cards contain abbreviated–but not full–legal descriptions and the cards reference the six most recent transfers of the property by grantor/grantee and the book and page number on which the related deed may be found in the Benton County Circuit Clerk's records. The transfer from the trust to Nix in 1995 is one of the transfers listed on the rural property card for parcel number 18-05437-000.[11]

**Summary of the parties' arguments**
Relying upon the *Attorney's Affidavit* filed after he and his wife took title to the property from Homecomings Financial through a deed that contained the incomplete legal description, the debtor contends that he owns "the rectangle" (that is, the property described by the complete legal description). The debtor further contends that he and his

---

[11] Grieve also explained that Benton County's internal search engine allows a party to search for a piece of property by parcel number, street address, owner's name, or legal description and there are several third-party websites that allow members of the public to pull up the same information contained on the rural property card in Benton County's internal system.

wife gave Countrywide a mortgage on only the "two sides" as a result of the incomplete legal description contained in their mortgage to Countrywide. Because the incomplete legal description appeared in every recorded document affecting title to the property–including the assignment that resulted in US Bank becoming the holder of the mortgage–the debtor argues that US Bank's mortgage is void for uncertainty and, therefore, US Bank cannot foreclose on the property, despite the state court's foreclosure decree to the contrary. In fact, the debtor believes that he owns the rectangle free and clear of *any* enforceable encumbrances because, according to the debtor, US Bank's "faulty mortgage" is nothing more than a cloud on his title that the debtor contends should be voided as a judgment lien under § 522(f).[12]

In response, US Bank argues that the *Attorney's Affidavit* had no effect upon title and did not change the fact that the debtor took title to the property by a deed containing the incomplete legal description and, as a result, the debtor cannot claim that he owns the "rectangle" but that US Bank–who took title by an assignment that referenced the same incomplete legal description–has a mortgage on nothing but the "two sides." In addition, US Bank contends that the debtor warranted in his mortgage to Countrywide that he would defend title to the property and he is therefore estopped from asserting that he has an interest in the property superior to that of US Bank. Although US Bank does not dispute that the mortgage contains an incomplete legal description, it argues that in Arkansas, the function of a legal description is merely to furnish a key by which the property may be identified and that the extrinsic evidence introduced at trial is sufficient for that purpose. US Bank also argues that the debtor cannot employ § 522(f) to avoid US Bank's lien because that subsection specifically excludes judgments arising out of mortgage foreclosures.

---

[12] The Court notes that the debtor's wife, Julie Ivy, did not file bankruptcy and § 522(f) would be unavailable to her even if the Court were to find that the debtor could use that code section to avoid US Bank's lien.

9

**Law & Analysis**

As this Court recognized in a previous opinion and reiterated in its order denying US Bank's motion for summary judgment in this case, "if the language describing the property is too vague and indefinite to identify the property, the mortgage may be held void for uncertainty." *In re Savage*, 504 B.R. 921, 925 (Bankr. W.D. Ark. 2014) (citing *Bunch v. Crowe*, 203 S.W. 584, 585 (Ark. 1918) and *Corning Bank v. Bank of Rector*, 576 S.W.2d 949, 953-54 (Ark. 1979)). An exception concerning the sufficiency of a description was stated succinctly by the Arkansas Supreme Court:

> "It is a well settled principle of Arkansas law that a mortgage will not be held void for uncertainty, even as to third persons, where by any reasonable construction it can be sustained; and where the description used furnishes a key whereby a person, aided by extrinsic evidence, can ascertain what property is covered, such description is sufficient . . . ."

*Caraway Bank v. U.S.*, 529 S.W.2d 351, 351-52 (Ark. 1975) (quoting *United States v. Westmoreland Manganese Corp.*, 134 F. Supp. 898 (E.D. Ark. 1955)); *see also Huskey v. Citimortgage, Inc.* (*In re Huskey*), 479 B.R. 827, 833 (Bankr. E.D. Ark. 2012) (discussing legal standard under Arkansas law for determining whether property description is valid); *Snyder v. Bridewell*, 267 S.W. 561, 561 (Ark. 1924) (stating the general rule that a description to pass title must describe the land with sufficient certainty to identify the land or make reference to something tangible from which the land may be identified). Therefore, the primary issue before this Court is to determine whether the incomplete legal description in US Bank's mortgage, aided by the extrinsic evidence introduced at trial, makes it possible to ascertain what property is covered by US Bank's mortgage–a mortgage that the state court has already found constitutes a valid, first priority lien on the property that is superior to any interest claimed by or through the debtor.[13]

---

[13] In the light of this particular state-court finding, the Court is hard-pressed to understand why the debtor attempted to argue to this Court that his title to the property is superior to US Bank's. Not only did the state court specifically find that US Bank's interest is superior to any interest claimed by the debtor, but the debtor and US Bank took title to the property through instruments bearing identical legal descriptions. The debtor is mistaken in his belief that the *Attorney's Affidavit* somehow retroactively vested better title in him than he received by special warranty deed five months before the affidavit

As the Court stated above in the background section, the complete legal description for "the rectangle" appeared in the April 19, 1995 deed transferring the property from the Wendell E. Jones Trust to Nix. The incomplete legal description describing the "two sides" was referenced in every document affecting title to the property after the 1995 deed–beginning with Nix's mortgage in 2004. However, Nix testified that she did not know that the legal description was incomplete when she mortgaged the property to MERS in 2004–and there is no evidence that Nix intended to mortgage anything other than her entire ten-acre parcel of land encompassed by the 1995 deed from the trust to Nix. *See American Inv. Co. v. Gleason*, 28 S.W.2d 70, 72 (Ark. 1930) (mortgage cannot be held void for uncertainty if it is possible to "ascertain from the description, aided by extrinsic evidence, what property is *intended to be conveyed.*") (emphasis added); *see also Argent v. Mortgage Co., LLC v. Drown* (*In re Bunn*) 578 F.3d 487, 489-90 (6th Cir. 2009) (finding it reasonable to assume that an ambiguous mortgage covers the entire residential parcel unless the mortgage documents indicate that the parties intended the mortgage to cover only part of the parcel). Likewise, the debtor testified that he did not realize that the legal description was incomplete in the mortgage documents that he and his wife executed in favor of Countrywide in 2007 until his attorney in the state court foreclosure action against him brought it to his attention more than five years after the fact. As a result, this Court finds that the debtor, like his mother, intended to mortgage the entire parcel of property.[14]

In addition, although a parcel or tax ID number is not a substitute for a legal description, the Court finds that the number supplied a consistent point of reference throughout the recorded documents that aids in the identification of the property. The Court also finds that the street address of 15078 Gann Ridge Road provides a key to identifying the

---

was filed. *See Wetzel v. Mortgage Elec. Registration Sys., Inc.*, 2010 Ark. 242, No. 09-1410, 2010 WL 2025115 (Ark. May 20, 2010) (finding that affidavit accepted by the clerk for recording and filed in land records "in no way affected title of the property at issue in this bankruptcy proceeding.")

[14] Similarly, there is no evidence before the Court that any of the grantors appearing in the chain of title intended to convey anything less than the entire property.

property covered by US Bank's mortgage.  *See Lee v. Ocwen Loan Serv, LLC et al.* (*In re Savage*), 504 B.R. 921, 926-27 (Bankr. W.D. Ark. 2014).  In *In re Savage*, this Court found that a mortgage containing only a street address–and no legal description at all–was valid because the street address provided the key necessary to identify the property covered by the mortgage.  The Court did note in its opinion the validity of the trustee's argument that the street address in that case did not "indicate the amount of land the mortgage lien covered."  *Id.*

Here, the Court finds no such issue regarding the amount of land covered by US Bank's mortgage because both the parcel number of 18-05437-000 and the street address of 15078 Gann Ridge Road, Garfield, Arkansas, 72732 have historically and consistently been tied to the same ten-acre parcel of land that was correctly described in the 1995 deed from the trust to Nix.  Although a portion of the legal description was omitted from the deeds and assignments recorded after the deed to Nix, even the incomplete description retained the reference to "10 acres, more or less" and the record reflects that the ten acre parcel has never been subdivided or otherwise separated from the street address of 15078 Gann Ridge Road.  In fact, both Nix and the debtor testified that the property consists of the house, outbuildings, *and ten acres*.  In addition, the debtor testified that he has lived on the property–including the ten acres–since he was born.  It is clear to the Court–and for that matter, it appears to be clear to the debtor–that the land and buildings that constitute "the property" have not changed since Nix–his mother–took title to the property by virtue of a deed containing the complete legal description.  By his own admission, the debtor made no payments to Countrywide after signing the mortgage documents in 2007 and, based on the evidence introduced at trial, the Court finds that the debtor is not entitled to void the mortgage now held by US Bank for "uncertainty" when none seems to exist.  Finally, the Court finds that the debtor is not entitled to avoid US Bank's lien under §522(f), which unambiguously provides that "[t]his paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure." 11 U.S.C. § 522(f)(2)(C).  The state court's foreclosure decree is precisely such a judgment.

**Conclusion**

For the reasons stated above, the Court denies the relief sought by the debtor under 11 U.S.C. § 522(f) and finds that the extrinsic evidence introduced at trial furnished the information necessary to identify the property upon which US Bank may direct its foreclosure pursuant to the state court's decree, specifically:

> A part of the SE 1/4 of the NE 1/4 of Section 22, Township 21 North, Range 29 West, described as beginning at the NW corner of said 40 acre tract; thence East 330 feet; thence South to the South line of said 40 acres; thence West 330 feet; thence North along the West line of said 40 to the point of beginning, containing 10 acres, more or less.

IT IS SO ORDERED.

/s/ Ben Barry
Ben Barry
United States Bankruptcy Judge
Dated: 05/29/2019

cc: Stanley V. Bond and Emily J. Henson, attorneys for plaintiff
Teaven Stamatis, attorney for defendant
United States Trustee